Gants, J.
The Department of Correction (“DOC”) has moved for reconsideration of this Court’s October 13, 2000 Memorandum and Order [12 Mass. L. Rptr. 293], contending that the Court erred when it declared that the DOC had failed to provide the Essex County District Attorney with six-months written notice of the defendant’s scheduled release date, as required under G.L.c. 123A, §12(a). After hearing, this Court ALLOWS the motion for reconsideration to the extent that this Court finds that the DOC did indeed provide the Essex County District Attorney with the six-months notice required under the law. In view of the information developed at the evidentiary hearing held on this motion on November 17,2000, as articulated below, this revised finding shall not affect this Court’s earlier order requiring the DOC to provide the defendant with sexual offender treatment pending the final adjudication of this petition, although the basis for the Order has changed.
While the basis for the Order continues to be on non-constitutional grounds, this Court now believes that it needs to resolve the question left open in its October 13, 2000 Memorandum and Order and pressed by defense counsel at the November 17 hearingwhether the defendant also has a constitutional right to sexual offender treatment pending the final adjudication of this petition. Therefore, this Court shall invite further briefing from all parties -on this question (and by any interested amici curiae), to be filed no later than December 1, 2000. A hearing shall be held on this question on December 8, 2000 at 2 p.m. in Courtroom 2 on the 12th floor of the Suffolk Superior Courthouse, 90 Devonshire Street in Boston. Evidence may be taken at this hearing regarding any factual disputes that may remain.
The defendant,[1] Attorney Doyle, and the attorney from the Department of Correction shall attend this hearing. The Assistant District Attorney responsible for this case from the Essex County District Attorney’s Office is welcome to attend, but his or her participation is not required.

DISCUSSION

When this Court wrote in its October 13, 2000 Memorandum and Order that ”[t]here is no dispute” that the DOC had failed to comply with its obligation to give six-months notice of the defendant’s release to the Essex County District Attorney’s Office, this Court relied on two portions of the record. First, in the affidavit submitted by Assistant District Attorney Eileen Forman to Judge Joseph Grasso in support of her emergency request for detention under G.L.c. 123A, §12(e), she wrote, “I was informed on June 1, 2000 that Mr. Kamper’s release date was changed to July 6, 2000.” There is no reference in the affidavit to any earlier notice having been obtained from the DOC. Second, during the September 28, 2000 hearing, attended by DOC, ADA Forman informed the Court that she promptly took steps to detain the defendant as soon as she learned of his scheduled release. From, this affidavit and her subsequent statement, I inferred that the District Attorney’s Office first learned of the defendant’s scheduled release on June 1, 2000.
That inference turns out to have been in error. In fact, the DOC on January 27,2000 gave timely written notice of Mr. Kamper’s scheduled release, which at that time was scheduled for July 31, 2000. After this written notice, Mr. Kamper was credited with a substantial amount of earned good time, which advanced his scheduled release date initially to July 12, 2000, then to July 6,2000, and finally to his actual release date of June 16, 2000. It is plain from the affidavits submitted by the DOC and ADA Forman after the issuance of this Court’s October 13, 2000 Order, and from the evidence received at the November 17, 2000 hearing, that the DOC acted timely and properly in giving notice to the District Attorney’s Office. I regret the error and offer my apology to the DOC for making it.
It is equally clear that, although the DOC timely furnished notice to the Essex County District Attorney’s Office on January 27, 2000, no action was taken by the District Attorney’s Office with respect to that notice until June 1, 2000. The DOC’s notice was directed to another ADA, who at the time was handling these matters for the District Attorney. ADA Forman at this time was on maternity leave and, when she returned to the Office in mid-April 2000, responsibility for these matters was transferred to her. She devoted her attention to re-organizing the files, changing the tracking system, and addressing matters that demanded immediate attention, and did not determine what, if anything, to do regarding the defendant’s scheduled release. It was only when she learned on June 1, 2000 that the defendant was scheduled to be released on July 6, 2000 that she devoted any time to his case.
*425 Therefore, although the DOC had notified the District Attorney’s Office of the defendant’s scheduled release more than four months before June 1, 2000, that timely notice functionally was of no consequence, because the District Attorney’s Office did nothing with this information until June 1, 2000. Indeed, functionally, there is no difference between the DOC delaying its notification until June 1, 2000 and the District Attorney’s Office having timely notice but not looking at the case until June 1,2000. G.L.c. 123A, §12(a) only requires the DOC to give six-months notice before the date the defendant was scheduled to be released from his prison term; the statute is silent as to whether the. District Attorney is obligated to act on this information in a reasonably prompt manner.
The DOC argues from this silence that there is nothing in the statute that bars the District Attorney from first looking at this information on the day of the defendant’s release, even if the consequence of that delay is that the defendant is held for a substantial amount of time in civil custody awaiting trial on the sexually dangerous person petition. This Court does not believe that the legislative purpose behind G.L.c. 123A, § 12(a) is met when the DOC gives timely notice but the District Attorney ignores the notice until shortly before the defendant’s actual release date.
In Commonwealth v. Bruno, the Supreme Judicial Court declared on two separate occasions that the Commonwealth had represented that it would endeavor to act quickly on these matters once the proper six-months’ notice had been obtained. 432 Mass. 489, 508 (2000) (“The Commonwealth acknowledges that in future cases it should receive six-months’ notice of an inmate’s release date and therefore could obtain the necessary evidence and even complete the final commitment hearing before [the inmate’s release date]”); 432 Mass. at 513 (“We again note that the Commonwealth generally expects to be able to complete a probable cause hearing before an inmate’s discharge date in future cases where it will have received the six-month advance notice of discharge provided by § 12(a)”). It is not unfair to require the Commonwealth to abide by these representations, especially where there is great prejudice to defendants from the Commonwealth’s failure to do so. The practical reality is that, if the Commonwealth does not act on this information in a reasonably prompt manner and instead files a petition immediately before the defendant’s discharge date, the defendant, if probable cause is found, will be spending his time awaiting trial in civil custody, often for a considerable period. If the Commonwealth were to act in a reasonably prompt manner, then all or most of the defendant’s time awaiting trial would be spent in criminal custody, completing a criminal sentence he would need to complete regardless of the petition.
Therefore, this Court finds that, to effectuate the Legislature’s purpose in enacting G.L.c. 123A, §12(a), it is necessary to add as a corollary of that statute that the Commonwealth must act on this information in a reasonably prompt manner. This Court recognizes that the Commonwealth, even when it acts reasonably, will not be able in every case to file petitions with time to spare before the defendant’s discharge from criminal custody. Yet, it is appropriate to require that the Commonwealth act reasonably and to impose appropriate sanctions when, whatever the reason, it fails to fulfil its obligation to act reasonably. In this case, requiring the DOC to provide the defendant with sexual offender treatment pending the final adjudication of this petition is the only sensible sanction this Court can impose for the District Attorney Office’s failure to act in a reasonably prompt manner on the information concerning the defendant’s scheduled release date.
The DOC argues that it is inappropriate to depart to any degree from the language of the statute, even if the departure reflects the legislative purpose and protects the legitimate interests of those accused of being sexually dangerous. It is fair rejoinder to point out that the Supreme Judicial Court has done precisely that in Bruno, when it interpreted the “sufficient showing” required in G.L.c. 123A, §12(e) to mean probable cause, and the “probable cause” required in G.L.c. 123A, §12(c) to mean a variation on the directed verdict standard. 432 Mass. at 507-11.
While the relief ordered by this Court presently rests on this Court’s authority to impose appropriate sanctions for the District Attorney Office’s failure to act on the information concerning the defendant’s scheduled release date in a reasonably prompt manner, this Court believes it should also determine whether the defendant is correct in claiming that he has a constitutional right to treatment pending adjudication of this petition. This Court disagrees with the DOC’s assertion that this issue has already been foreclosed by the Supreme Judicial Court in Bruno. As noted at length in note 1 on pages 13 and 14 of this Court’s October 13, 2000 Memorandum and Order, the Supreme Judicial Court devoted only two sentences to this important issue and its ruling relied on the absence of any showing in the Superior Court’s Findings of Fact, Rulings of Law and Order to support its order of treatment or a finding of unconstitutionality. See Bruno, supra at 514. Having examined the Findings of Fact, Rulings of Law and Order which was the subject of that review, it is plain that this constitutional issue was never explored. Commonwealth v. James Wilson, Superior Court Civ. No. 99-4877, Findings of Fact, Rulings of Law and Order (November 22, 1989). It is also plain that the Superior Court in that case made no factual findings or conclusions of law in support of its order of treatment. Id. Therefore, it would be fundamentally unfair to the Supreme Judicial Court under these circumstances to conclude that it had decided and forever foreclosed these issues.

ORDER

For the reasons detailed above, this Court hereby ORDERS that:
*426 1. This Court ALLOWS the motion for reconsideration to the extent that this Court finds that the DOC did indeed provide the Essex County District Attorney with the six-months notice required under the law. In view of the information developed at the eyidentiaiy hearing held on this motion on November 17, 2000, demonstrating that the District Attorney failed to act on this notice in a reasonably prompt manner, this revised finding shall not affect this Court’s earlier order requiring the DOC to provide the defendant with sexual offender treatment pending the final adjudication of this petition, although the basis for the Order has changed.
2. While the basis for that Order continues to be on non-constitutional groundsthe failure of the Commonwealth to act on the DOC’s six-months’ notice of the defendant’s scheduled release in a reasonably prompt mannerthis Court now believes that it needs to resolve the question left open in its October 13, 2000 Memorandum and Order and pressed by defense counsel at the November 17 hearingwhether the defendant also has a constitutional right to sexual offender treatment pending the final adjudication of this petition. Therefore, this Court shall invite further briefing from all parties on this question (and by any interested amid, curiae), to be filed no later than December 1, 2000. A hearing shall be held on this question on December 8, 2000 at 2 p.m. in Courtroom 2 on the 12th floor of the Suffolk Superior Courthouse, 90 Devonshire Street in Boston. Evidence may be taken at this hearing regarding any factual disputes that may remain. The defendant, Attorney Doyle, and the attorney from the Department of Correction shall attend this hearing. The Assistant District Attorney responsible for this case from the Essex County District Attorney’s Office is welcome to attend, but his or her participation is not required.

 An appropriate habeas should be prepared to ensure the defendant’s appearance.